## Country Color Inc. v. Motorists Mutual Insurance Co.

*Edward Leymarie,* for plaintiff.
*Thomas W. Leslie,* for defendant.

McCRACKEN, *P.J.*, April 9, 1991—Before us is a demurrer to a complaint seeking the payment of work loss benefits under an automobile insurance policy issued in accordance with the Motor Vehicle Financial Responsibility Law of 1984. The policy was issued by the defendant, Motorists Mutual Insurance Company, to the plaintiff, Country Color Inc., a business corporation owned by James D. Nocera and operated by him and his wife. The complaint avers that Mrs. Nocera was injured in an automobile accident on December 17, 1988, and as a result was disabled for approximately one year during which time she was unable to perform the gratuitous work that she ordinarily performed for her husband's business. This made it necessary for the firm to hire substitutes to perform the work. Notice of the injury to Mrs. Nocera was given to the defendant insurer which has paid her medical expenses but has refused to pay any work loss benefits. The plaintiff, in response has brought this action to recover such benefits along with attorneys' fees for what is allegedly an unreasonable refusal to pay a claim. By demurrer, the defendant maintains that it is not liable on a claim for a work loss suffered by the plaintiff corporation due to the injury of its employee.

The availability of work loss benefits is governed by section 1712 of the Financial Responsibility Act.[1] This section requires a motor vehicle insurance provider to offer first party benefits for injury arising out of the maintenance or use of a motor vehicle. Five specific types of first party benefits are specified in the statute, the second of which is "income loss benefit" which includes both "80 percent of actual loss of gross income" and "reasonable ex-

1. Act of February 12, 1984, P.L. 26 no. 11 section 3 (75 P.C.S. section 1712).

penses actually incurred for hiring a substitute to perform self-employment services thereby mitigating loss of gross income or for hiring special help thereby enabling a person to work and mitigate loss of gross income."[2] In accordance with this section, the policy issued by the defendant in this case (and placed into the record by stipulation) defines "work loss benefits" in the following manner:

(a) *Loss of income*—Up to 80 percent of the gross income actually lost by an "insured."

(b) Reasonable expenses actually incurred to reduce loss of income by hiring:

(1) special help, thereby enabling the "insured" to work; or

(2) a substitute to perform the work a self-employed "insured" would have performed.

Although the case law interpreting these provisions is unusually scarce, we think it is clear from an examination of the language of the policy and of section 1712 that Bonnie Lee Nocera is not entitled to work loss benefits under this section, nor is her employer, Country Color. It should be borne in mind that the term "insured" in the policy refers to Country Color Inc., the named insured on the declarations page of the policy, not to the individual owner of the business or any of his employees. The record does not indicate that there was any "gross income actually lost" by the plaintiff corporation. This term applies only to income which an insured would have earned but for the injury. *Persik v. Nationwide Mutual Ins. Co.,* 392 Pa. Super. 29, 554 A.2d 930 (1989), *Reinert v. Erie Insurance Group,* 50 D.&C.3d 38 (1987). Here, the plaintiff lost no income as a result of the injury to Mrs. Nocera.

While Country Color may have incurred added expenses by hiring a substitute to do Mrs. Nocera's

---

2. Section 1712(1) (i and ii).

work, this was not done in order to enable the "insured" to work since the insured (the corporation) was still in business and there is no indication that the business would have failed had the substitute not been hired. Nor was the substitute hired to perform the work that a self-employed "insured" would have performed. Not only was Mrs. Nocera not an "insured" as we have said above, but neither was she self-employed. She was employed by the corporation which her husband owned.[3]

Neither the statutory language nor the wording of the policy relied on allows for the recovery of first-party work loss benefits by the employer of an injured party when the employer hires a paid substitute to replace the unpaid injured party. Nor, for that matter, is the plaintiff in its brief arguing for a contrary interpretation of the policy. Rather, the plaintiff relies on a policy argument based primarily on the observation that self-employed workers often incorporate their business. "Since the corporation was the legal entity by which James Nocera and Bonnie Nocera conducted their business known as Country Color, they should be included in the definition of insured." (Plaintiff's brief, p. 2). This, however, would require either a rewriting of the insurance policy or a redrafting of the Financial Responsibility Act, neither of which is within this court's authority.

For the above reasons, we are convinced that the plaintiff's complaint does not state a cause of action for the recovery of work loss benefits which, as a

---

3. Paragraph 4 of the plaintiff's complaint, as amended, reads, "At all times herein, Country Color Inc. was owned by James D. Nocera and operated by James D. Nocera and his wife, Bonnie Lee Nocera, hence they were self-employed." That conclusion does not follow either logically or legally as to Bonnie Lee Nocera. If she is not an owner of the business that she operates, then she is not self-employed.

matter of law, are not available under these circumstances. Consequently, the defendant's demurrer must be sustained. Since there appears to be no additional set of facts under which the plaintiff could state such a claim under an amended complaint, we will dismiss the complaint with prejudice.

## ORDER OF COURT

Now, April 9, 1991, for the reasons indicated in the foregoing opinion, the defendant's demurrer is hereby sustained and the plaintiff's complaint is hereby dismissed.